```
 1  ROGER L. GRANDGENETT II, ESQ., Bar # 6323
    CRYSTAL J. HERRERA, ESQ., Bar # 12396
 2  LITTLER MENDELSON, P.C.
    3960 Howard Hughes Parkway, Suite 300
 3  Las Vegas, NV  89169-5937
    Telephone:    702.862.8800
 4  Fax No.:      702.862.8811

 5  Attorneys for Defendants,
    SUN CAB, INC. d/b/a NELLIS CAB COMPANY
 6  and NELLIS CAB, LLC

 7
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIANE SANCHEZ-LAZO, | Case No. 2:15-cv-00983-JCM-CWH |
| Plaintiff, | |
| vs. | [PROPOSED] STIPULATION AND ORDER TO STAY DISCOVERY |
| SUN CAB, INC., a Nevada Corporation d/b/a NELLIS CAB COMPANY; NELLIS CAB, LLC., a Nevada Corporation; DOES 1 through 25, inclusive; and ROE CORPORATIONS 1 through 25, inclusive, | FIRST REQUEST |
| Defendant. | |

Defendants Sun Cab, Inc. d/b/a Nellis Cab Company and Nellis Cab, LLC ("Defendants") and Plaintiff Diane Sanchez-Lazo ("Plaintiff"), by and through their respective attorneys, hereby stipulate and agree to stay discovery until the Court has ruled on Defendants' Motion to Dismiss Plaintiff's Complaint in its entirety (Dkt. #7).

In assessing a request to stay discovery, the Court decides whether it is necessary to speed the parties along in discovery or whether it is more appropriate to delay discovery and spare the parties of the associated expense. *Tradebay, LLC, v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). To make this assessment, the court takes a "preliminary peek" at the merits of the purportedly dispositive motion, though, importantly, this "preliminary peek" does not prejudge the outcome of the motion, it merely evaluates whether an order staying discovery is warranted. *Id*. The

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

merits of the pending motion will ultimately be determined by the district judge, who may have a different view than the magistrate judge. *Id*.

Defendants' Motion is of the type warranting a stay in discovery. First, Defendants contend that Plaintiff's entire complaint should be dismissed. Defendants argue that Plaintiff fails to state a *prima facie* case for disability discrimination because, among other things, she does not allege any plausible disability within the meaning of the ADA. (*See* Dkt. #7, generally). Further, Plaintiff's state tort claims for negligent hiring, supervision, and training and intentional infliction of emotional distress warrant dismissal because they are premised on discrimination and remedied under statute and equally fail to state plausible claims upon which relief can be granted. *Id*. Plaintiff obviously disputes the legal arguments made in Defendants' Motion to Dismiss and has filed an Opposition to the Motion. (Dkt. #10). However, the parties agree that the motion is of the type warranting a stay of discovery and that discovery is not necessary while the Court resolves the legal issues raised by the motion. Accordingly, requiring the parties to conduct discovery on claims that may not be curable by amendment would cause an unnecessary expense on the parties and could potentially clog the Court's docket with discovery disputes related to these claims, which may ultimately be dismissed.

Second, because Defendants have moved to dismiss the entire case, Plaintiff has not been apprised of which factual allegations Defendants intend to admit, and which Defendants intend to deny. Nor has Plaintiff been apprised of the defenses Defendants intend to assert. Plaintiff believes this would severely limit her opportunity to conduct full discovery while the Motion is pending.

Moreover, an Early Neutral Evaluation ("ENE") has been scheduled for August 17, 2015, which has the potential to resolve this matter in full. As such, and in order to fully and productively explore settlement at the ENE, the Parties have already held their Rule 26(f) Conference (on July 30, 2015), and will exchange Initial Disclosures within two weeks thereof, by August 13, 2015. Doing so will allow the Parties useful insight into their respective legal positions and Plaintiff's calculation of damages without the expense of proceeding with formal discovery.

Therefore, the parties jointly request the Court to stay discovery while Defendants' Motion to Dismiss is pending.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

Accordingly, discovery shall be stayed until the Court has ruled on Defendant's Motion to Dismiss (Dkt. #7). If some or all of Plaintiff's claims survive, the Parties will submit a Proposed Discovery Plan and Scheduling Order within ten (10) days of the Court's Order.

Dated: August 6, 2015

Respectfully submitted,

/s/ Patrick W. Kang
PATRICK W. KANG, ESQ.
ERICA D. LOYD, ESQ.
KANG & ASSOCIATES, PLLC

Attorneys for Plaintiff,
DIANE SANCHEZ-LAZO

Dated: August 6, 2015

Respectfully submitted,

/s/ Crystal J. Herrera
ROGER L. GRANDGENETT II, ESQ.
CRYSTAL J. HERRERA, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendants,
SUN CAB, INC. d/b/a NELLIS CAB COMPANY and NELLIS CAB, LLC

**ORDER**

IT IS SO ORDERED.

Dated: __August 20__, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

3.